UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEVEN L. DRURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00462-JPH-MJD |
| | ) | |
| BRAD BURKHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Steven Drury is a prisoner currently incarcerated at Putnamville Correctional Facility. He filed this civil action alleging that he was denied an accessible cell and necessary medical materials when he was a pretrial detainee at the Hancock County Jail. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Drury sues the following defendants: 1) Sheriff Brad Burkhart; 2) Jail Commander Bridget Foy; 3) Dr. John Lee; 4) Officer Zach Lafavors; 5) Officer Jack Sweets; 6) Officer Kyle Frank; and 7) Officer Aaron Davis.

Mr. Drury asserts that he has physical handicaps which cause him to experience urinary and fecal incontinence and require the use of a walker. He contends that he was kept in an inaccessible cell at the Jail and denied clean catheters and adult diapers. Because of this, he was forced to remain in soiled clothing and developed an infection. Mr. Drury alleges that defendants Burkhart and Foy "failed to properly train their officers, which led to constitutional violations against Plaintiff, which support a *Monell* claim." Dkt. 2 at 3.

Mr. Drury also alleges that, on December 28, 2021, Dr. Lee examined him by placing fingers in his rectum, causing discomfort and bleeding. He also asserts that Dr. Lee denied him doctor-patient confidentiality and examined him in an unsanitary room. Mr. Drury asserts that, on the same day, Officer Lafavors called him names and shoved him out of anger.

In addition, Mr. Drury alleges that about two weeks later, Officer Sweets took away his walker, put him in a non-accessible cell, and left him a soiled diaper.

Then, in late March of 2022, when he was moved back to the Jail, he was taken to segregation where Officers Frank and Davis threw him onto the floor and took his walker away. Mr. Drury asked Officers Davis, Frank, and Lafavors for assistance, but they refused. In addition, Mr. Drury was given no cleaning supplies.

Mr. Drury asserts claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Fourteenth Amendment.[1] He seeks monetary damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

**A. Claims that are Dismissed**

First, Mr. Drury's claim against Dr. Lee must be **dismissed as improperly joined** because unrelated claims against different defendants belong in different suits. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21.

The main thrust of Mr. Drury's complaint is that he was denied a walker, an accessible cell, and necessary items in violation of his rights. His claim that Dr. Lee harmed him during an exam is not properly joined to these claims. This claim shall either be severed into a new action or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Mr. Drury is the master of his complaint and shall be given the opportunity to determine which course

---

[1] Because Mr. Drury was a pretrial detainee at the time of the incidents, he Fourteenth Amendment's objective reasonableness inquiry applies to his claims. *See Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

is followed. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue"). If a new action is opened, Mr. Drury will be responsible for the filing fee associated with the new case. In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

Next, the **ADA claims are dismissed**. The relief provided by the ADA and Rehabilitation Act are coextensive and a plaintiff suing under both statutes may have only one recovery. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery). In addition, "the analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Id*.

Next, any claim under the Rehabilitation Act against a defendant in his or her individual capacity must be **dismissed** because there is no personal liability under the Rehabilitation Act. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (affirming district court's dismissal of claims against individual defendants in their individual capacities under Title II of the ADA and the Rehabilitation Act because there is no personal liability under these statutes).

Finally, Mr. Drury's failure-to-train claims against Sheriff Burkhart and Jail Commander Foy are **dismissed** because "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Because Mr. Drury has not alleged that either Sheriff Burkhart or Jail Commander Foy were personally involved in the alleged violations of his rights or were aware that such violations were taking place, he has failed to state a claim against them. In addition, while Mr. Drury asserts

that the alleged failure to train by these defendants supports a *Monell* claim, to state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege that the County acted "through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Because Mr. Drury's complaint contains only allegations regarding how he was treated, and no allegations that would support an inference that his treatment was caused by a widespread practice, policy, or custom at the Jail, he has failed to state a *Monell* claim.

### B. Claims that Will Proceed

The claims which shall proceed are the following:

Mr. Drury's Rehabilitation Act claim that he was denied a walker, an accessible cell, clean catheters, and adult diapers **shall proceed** against Sheriff Burkhart in his official capacity.

These allegations also support a claim against Officers Sweets, Frank, Davis, and Lafavors in their individual capacities under the Fourteenth Amendment. Finally, Mr. Drury's claim that Officer Lafavors shoved him out of anger shall also proceed under the Fourteenth Amendment.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 26, 2023,** in which to identify those claims. Similarly, if Mr. Drury wishes to request that the Court open a new lawsuit for his claim against Dr. Lee, he shall notify the Court by **April 26, 2023**.

The **clerk is directed** to terminate Bridget Foy and Dr. John Lee as defendants on the docket.

## IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 3/27/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN L. DRURY
181601
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sheriff Brad Burkhart
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

Zach Lafavors
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

Jake Sweets
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

Kyle Frank
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140

Aaron Davis
Hancock County Jail
398 Malcolm Grass Way
Greenfield, IN 46140